UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | | |
|---|---|---|---|
| UNITED STATES OF AMERICA | ) | | |
| | ) | | |
| v. | ) | Cause Nos. | 1:17-CR-24-HAB |
| | ) | | 1:20-CV-226-HAB |
| DEREK BRYNER | ) | | |

**OPINION AND ORDER**

This matter comes before the Court on Defendant's Motion to Vacate/Correct Sentence 28 U.S.C. § 2255 (ECF No. 61), filed on June 15, 2020. The Government filed its Response (ECF No. 64) on August 17, 2020. Defendant requested, and was granted, two extensions of his deadline to reply. (*see* ECF Nos. 68, 71). His extended deadline has passed with no reply having been filed. This matter is now ripe for determination.

**A.      Factual and Procedural Background**

Defendant was charged in April 2017 with a single count of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). Defendant's prior felony conviction was for Class D felony Intimidation in DeKalb County, Indiana, for which he was sentenced to eighteen months in jail. Defendant pleaded guilty in January 2018 and, on June 25, 2018, was sentenced to a term of fifty-two months' imprisonment. Defendant did not appeal his conviction or sentence; he expressly waived his right to appeal in his plea agreement.

Defendant now moves, *pro se*, to vacate or correct his sentence under 28 U.S.C. § 2255. Defendant raises two issues: (1) he inquires as to whether he is entitled to relief under *Rehaif v. United States*, 139 S.Ct. 2191 (2019); and (2) he asserts that his jail time credit has been miscalculated. The Court will address each issue in turn.

**B.      Legal Analysis**

**1.      Rehaif *Fails to Provide Defendant with Relief***

To succeed on a § 2255 petition, a defendant must demonstrate that the sentence imposed upon him or her was in violation of the Constitution or the laws of the United States, that the sentence was in excess of the maximum authorized by law or that the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255(a). Defendant contends that because he pleaded guilty to a crime without knowledge of the essential elements of the offense, his conviction and sentence are unconstitutional. A guilty plea is constitutionally valid only if it is "voluntary" and "intelligent." *Brady v. United States*, 397 U.S. 742, 748 (1970). If a criminal defendant is not informed of the nature of the charge against him, the plea does not qualify as intelligent or constitutional. *Bousley v. United States*, 523 U.S. 614, 618 (1998). And if the criminal defendant, counsel and the court do not understand the elements of the charged crime, the guilty plea is constitutionally invalid. *Id*.

As noted above, Defendant's challenge to his plea arises out of the United States Supreme Court's decision in *Rehaif*. The question in *Rehaif* was whether, in a prosecution for illegal possession of a firearm under 18 U.S.C. §§ 922(g) and 924(a)(2), the government had to prove to the jury that Rehaif knew that he was an alien "illegally or unlawfully in the United States," in which case he was barred from possessing a firearm. The Supreme Court concluded that the government was required to prove that Rehaif knew that he was in illegal alien status. *Rehaif*, 139 S. Ct. at 2200 ("[I]n a prosecution under 18 U.S.C. § 922(g) and § 924(a)(2), the Government must prove both that the defendant knew he possessed a firearm and that he knew he belonged to the relevant category of persons barred from possessing a firearm."). For those charged with being a felon in possession of a firearm, *Rehaif* requires the government to prove that the criminal defendant knew that he or she possessed a firearm, and knew that he or she had been previously

2

convicted of a crime punishable by imprisonment for a term exceeding one year. *United States v. Williams*, 946 F.3d 968, 971 (7th Cir. 2020).

*Rehaif* represented an about-face from the decisions of every federal circuit court that had examined the question; all the federal circuit courts had ruled that the government did not need to prove that the defendant knew he belonged to one of the prohibited classes in order to show that he was guilty of a § 922(g) violation. *United States v. Maez*, 960 F.3d 949, 957 (7th Cir. 2020) ("*Rehaif* went counter to the settled views of every federal court of appeals on an issue affecting thousands of felon-in-possession prosecutions every year."); *United States v. Payne*, 964 F.3d 652, 655 (7th Cir. 2020) ("This [*Rehaif*] decision upset not only the law of this circuit but the unanimous conclusion of all the courts of appeals."); *United States v. Williams*, 946 F.3d 968, 970 (7th Cir. 2020) ("The Supreme Court's recent decision in [*Rehaif*] upset what was once a seemingly settled question of federal law."). Defendant was prosecuted under the prior interpretation of § 922(g) and, as a result, his knowledge that he belonged to one of the prohibited classes was not alleged in the indictment. It is the failure to raise this element that forms the basis of the instant motion.

The parties agree that, since Defendant did not move to withdraw his plea as part of the original prosecution, his request to do so now can be reviewed only for plain error. *Williams*, 946 F.3d at 971. Plain error has four elements: (1) there was an error, (2) the error is clear and obvious, (3) the error affected the defendant's substantial rights, and (4) the error seriously affects the fairness, integrity, or public reputation of judicial proceedings. *United States v. Zacahua*, 940 F.3d 342, 344 (7th Cir. 2019). The first two elements are not disputed by the Government. (ECF No. 64 at 8).

Defendant bears the burden of persuasion on the question of whether the error affected his substantial rights. *Williams*, 946 F.3d at 973. To meet this burden, "a defendant who seeks reversal

of his conviction after a guilty plea, on the ground that the district court committed plain error under Rule 11, must show a reasonable probability that, but for the error, he would not have entered the plea." *United States v. Dominguez Benitez*, 542 U.S. 74, 83 (2004).

As the Western District of Wisconsin has noted, "[i]n many cases filed in response to the *Rehaif* decision, the criminal defendant has no plausible argument that he would have seriously considered going to trial with a *Rehaif* argument or that *Rehaif* would have made any difference to the outcome of his case." *Moore v. United States*, 2020 WL 4785432 at *3 (W.D. Wis. Aug. 18, 2020). The showing is not, however, impossible. Federal circuits have identified two scenarios where the showing could be made. The first scenario is where a person was convicted of a felony but sentenced only to probation. *Williams*, 946 F.3d at 973. The second was where an individual had pleaded guilty to a felony but had not yet been sentenced. *See United States v. Davies*, 942 F.3d 871, 874 (8th Cir. 2019).

Defendant does not claim that he falls into either category. Rather, he raises the issue of whether "the district court's acceptance of [Defendant's] guilty plea without informing the defendant of every element of the offense triggers a constitutional error rendering his guilty plea invalid?" (ECF No. 61 at 5). The answer, as set forth above, is yes, but only if Defendant can demonstrate that he would not have entered the plea had he been properly informed.

Defendant cannot make the requisite showing. Rather, the record is clear that Defendant would have pled guilty even in a post-*Rehaif* world because he admitted to knowing that he was a prohibited individual at the time of his plea and sentencing. As the Government notes, Defendant submitted a statement to the probation officer for use in the presentence investigation report where he admitted to "knowing that [he] could not legally possess a firearm due to [his] prior conviction."

(ECF No. 64 at 12–13). Defendant, then, admitted to every element of a § 922(g) offense even as the statute was interpreted in *Rehaif*. His *Rehaif*-related challenge has no merit.

2.      ***Defendant Failed to Exhaust Administrative Remedies Related to his Jail Time Credit***

The second issue raised by Defendant relates to his jail time credit. While Defendant's claim is not entirely clear, it appears that he is arguing that the Bureau of Prisons has failed to properly recognize the date he began serving his federal sentence. Regardless of the merits of Defendant's claim, it is one that he must first present to the BOP. Having failed to do so, Defendant cannot seek relief in this Court.

Federal law gives the BOP, not a district court, "authority to determine when to give a defendant credit against a sentence for time he has served. *Pope v. Perdue*, 889 F.3d 410, 417 (7th Cir. 2018); 18 U.S.C. § 3585. The Attorney General, through the Bureau, has the sole authority to award credit for time served in federal detention before the start of the sentence. 18 U.S.C. §§ 3585(b), 3621(b); *United States v. Wilson*, 503 U.S. 329, 334–35 (1992); *United States v. Koller*, 956 F.2d 1408, 1417 (7th Cir. 1992). Before challenging the Bureau's decision in federal court, a defendant must first exhaust his administrative remedies, including an administrative appeal, before the Bureau. *See* 28 C.F.R. §§ 542.10, 542.13–.15; *Wilson*, 503 U.S. at 335. Defendant has not done so. Only after he has exhausted those remedies may Defendant seek review from a district court, by filing a petition under 28 U.S.C. § 2241. *See Koller*, 956 F.2d at 1417. Even then, the petition must be filed in the district where Defendant is incarcerated, against the warden of his prison. *See Al-Marri v. Rumsfeld*, 360 F.3d 707, 712 (7th Cir. 2004); *Samirah v. O'Connell*, 335 F.3d 545, 551 (7th Cir. 2003); *United States v. Mittelsteadt*, 790 F.2d 39, 40 (7th Cir. 1986). Because Defendant is currently incarcerated at Big Sandy USP, after he exhausts he may file a

petition under 28 U.S.C. § 2241 only against the warden of his prison in the appropriate federal district court in Kentucky. This Court, then, has no ability to address his jail time credit concerns.

**3.     *Certificate of Appealability***

Pursuant to Rule 11 of the Rules Governing Section 2255 Proceedings, the Court must "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A certificate of appealability may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); Rule 11 of Rules Governing Section 2255 Proceedings. The substantial showing standard is met when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quotation marks omitted); *Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4 (1983). "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Slack*, 529 U.S. at 484.

No reasonable jurist could conclude that Defendant is entitled to relief under *Rehaif* or that his jail time credit issue is properly before the Court. Accordingly, the Court will not issue Defendant a certificate of appealability.

**C.     Conclusion**

For the foregoing reasons, Defendant's Motion to Vacate/Correct Sentence 28 U.S.C. § 2255 (ECF No. 61) is DENIED, and the Court DECLINES to issue a certificate of appealability.

SO ORDERED on February 25, 2021.

                                     s/ *Holly A. Brady*
                                     JUDGE HOLLY A. BRADY
                                     UNITED STATES DISTRICT COURT